Received 3/28/19

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

**17-0724-CV-W-GAF-P**

| United States District Court | District |
|---|---|
| Name (under which you were convicted): JAMES CALDWELL | Docket of Case No: |
| Place of Confinement: FCC-Forrest City Low | Prisoner No: 18377-045 |
| Movant | V. United States of America |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
United States District Court-Western District of Missouri
Kansas City, Missouri 64106

   (b) Criminal docket or case number (if you know): 14-00029-04-CR-W-GAF

2. (a) Date of the judgment of conviction (if you know): 03-09-2017

   (b) Date of sentencing: 03-09-2017

3. Length of sentence: 144 months

4. Nature of crime (all counts): Conspiracy to Distribute 28 Grams or More of a mixture or substance containing a detectable amount of cocaine base.

5. (a) What was your plea: (Check one)
   (1) Not guilty ☐    (2) Guilty ✓    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

1

6. If you went to trial, what kind of trial did you have? (Check one)    Jury    Judge Only

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes    No

8. Did you appeal from the judgment of conviction?    Yes    No

9. If you did appeal, answer the following: No Appeal.
   (a) Name of court:_____

   (b) Docket or case number (if you know):_____

   (c) Result:_____

   (d) Date of result (if you know):_____

   (e) Citation of the case (if you know):_____

   (f) Grounds raised:_____
   _____
   _____
   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes    No
      If "Yes," answer the following:
      (1) Docket or case number (if you know):_____

      (2) Result:_____

      (3) Date of result (if you know): _____

      (4) Citation to the case (if you know):_____

      (5) Grounds raised:_____
      _____
      _____
      _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes    (No)

11. If your answer to Question 10 was "Yes," give the following information:

    (a)(1) Name of court:_____

       (2) Docket of case number (if you know):_____

2

Case 4:14-cr-00029-GAF   Document 700   Filed 03/28/19   Page 2 of 16

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes     No

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you file any second motion, petition, or application, give the same information:
(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes     No

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition     Yes     No

    (2) Second petition     Yes     No

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

Case 4:14-cr-00029-GAF   Document 700   Filed 03/28/19   Page 3 of 16

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
See attached sheets for supporting facts of Ground One.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment or conviction, did you raise this issue?
  Yes    No

  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
  Yes    (No)

  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:

  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):

  Date of the court's decision:

  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
  Yes    No

  (4) Did you appeal from the denial of your motion, petition, or application?
  Yes    No

  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue on appeal?
  Yes    No

4

(6) If your answer to question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:_____

    Docket case number (if you know):_____

    Date of the court's decision:_____

    Result: (attach a copy of the court's opinion or order if available):_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:_____

## GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
See attached sheets for supporting facts of Ground Two.

(b) **Direct Appeal of Ground Two:**
    (1) If you appealed from the judgment or conviction, did you raise this issue?
    Yes    No

    (2) If you did not raise this issue in your direct appeal, explain why:_____

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes    (No)

    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:_____

    Name and location of the court where the motion or petition was filed:_____

5

Case 4:14-cr-00029-GAF   Document 700   Filed 03/28/19   Page 5 of 16

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____

(3) Did you receive a hearing on your motion, petition, or application?
    Yes    No

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes    No

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue on appeal?
    Yes    No

(6) If your answer to question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket case number (if you know): _____

Date of the court's decision: _____

Result: (attach a copy of the court's opinion or order if available): _____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____
_____
_____

**GROUND THREE:** <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
<u>See attached sheets for supporting facts of Ground Three.</u>
_____
_____
_____
_____

6

Case 4:14-cr-00029-GAF   Document 700   Filed 03/28/19   Page 6 of 16

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment or conviction, did you raise this issue?
      Yes    No

   (2) If you did not raise this issue in your direct appeal, explain why:_____
   _____
   _____

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes    (No)

   (2) If your answer to Question (c)(1) is "Yes", state:
      Type of motion or petition:_____

      Name and location of the court where the motion or petition was filed:_____
      _____

      Docket or case number (if you know):_____

      Date of the court's decision:_____

      Result (attach a copy of the court's opinion or order, if available):_____
      _____

   (3) Did you receive a hearing on your motion, petition, or application?
      Yes    No

   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes    No

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue on appeal?
      Yes    No

   (6) If your answer to question (c)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:_____
      _____

      Docket case number (if you know):_____

      Date of the court's decision:_____

      Result: (attach a copy of the court's opinion or order if available):_____
      _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:_____
_____
_____
_____

GROUND FOUR: 4th Amendment violation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
The Government obtained records from service provider without a search warrant. Backed by probable cause under Carpenter, that's illegal an warrants relief [Timothy Carpenter v. United States No. 16-402, 585 U.S. ___ (2018)]
_____
_____

(b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment or conviction, did you raise this issue?
    Yes    (No)

  (2) If you did not raise this issue in your direct appeal, explain why: Because the Carpenter hadn't been warrant relief at the time.
_____

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes    No

  (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:_____
    Name and location of the court where the motion or petition was filed:_____

    Docket or case number (if you know):_____

    Date of the court's decision:_____

    Result (attach a copy of the court's opinion or order, if available):_____

  (3) Did you receive a hearing on your motion, petition, or application?
    Yes    No

  (4) Did you appeal from the denial of your motion, petition, or application?
    Yes    No

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue on appeal?
    Yes        No

(6) If your answer to question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:_____

    Docket case number (if you know):_____

    Date of the court's decision:_____

    Result: (attach a copy of the court's opinion or order if available):_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: <u>Yes. Grounds 1-3 have not been previously presented in any federal court because these grounds are properly brought in a proceeding pursuant to 28 U.S.C. §2255.</u>

14. Do you have any motion, petition, or appeal <u>now</u> pending (filed and not decided yet) in any court for the judgment you are challenging? Yes    (No)

If "Yes," state the name and location of the court, the docket or case number, the type or proceeding, and the issues raised:_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:_____

(b) At arraignment and plea: <u>Charlie Regan, 1111 Main St. Ste. 700 Kansas City, Missouri 64105.</u>

(c) At trial:_____

9

(d) At sentencing: Charlei Regan, 1111 Main St. Ste. 700 Kansas City Missouri 64105.

(e) On appeal:_____

(f) In any post-conviction proceeding:_____

(g) On appeal from any ruling against you in a post-conviction proceeding:_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes  (No)

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes   (No)

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
_____
_____

    (b) Give the date of the other sentence was imposed:_____

    (c) Give the length of the other sentence:_____

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes     No

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitation as contained in 28 U.S.C § 2255 does not bar your motion.* (see below) Movant was sentenced in this matter on March 9, 2017, therefore hs is clearly within the one year time limitation to file his motion under 28 U.S.C.§2255.
_____
_____
_____
_____
_____

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period limitations shall apply to a motion under this section. The limitation period shall run from the latest of:
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

_____

Therefore, Movant asks that the Court grant the following relief: Sustain the motion and grant all relief deemed just and fair in the premises.
or any other relief to which movant is entitled.

_____
Signature of Attorney (if any)

I, declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on March 19, 2019 _____ (month, date, year).

Executed (signed) on 3/19/2019 (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

11

GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL

In order to establish ineffective assistance of counsel, Defendant must demonstrate that counsel's performance was both deficient and prejudical. Strickland v Washington 80 L. Ed. 2d 674 (1984). In determining whether counsel's conduct was [deficient], there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Nguyen v United States 114 F. 3d 699, 704 (8th Cir. 1997). Additionally, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." United States v Rice 449 F. 3d 887, 897 (8th Cir. 2006). To demonstrate that counsel's deficient performance prejudiced his defense, a defendant must show that there is a reasonable probability that, but for [his] counsel's unprofessional errors, the result of [his] proceedings would have been different. Sanders v United States 341 F. 3d 720, 722 (8th Cir. 2003). A reasonable probability is a probability sufficient to undermine confidence in the outcome, which requires a substantial, not just conceivable, likelihood

i

of a different result. Cullen v Pinholster 179 L. Ed. 2d 557 (2011). In the underlying criminal matter counsel rendered ineffective assistance of counsel in failing to file a motion to suppress evidence of alleged controlled purchases. Where counsel's failure to competently litigate a suppression issue is the focus of the ineffective assistance claim, to demonstrate prejudice, the petitioner must "also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. Kimmelman v Morrison 91 L. Ed. 2d 305 (1986); United States v Johnson 707 F. 2d 317, 320 (8th Cir. 1983); see also United States v Luke 686 F. 3d 600, 605 (8th Cir. 2012), requiring a §2255 petitioner to show the motion to suppress would have succeeded. Movant wrote several letters to counsel, Charlie Regan of Yonke Law LLC 1111 Main Street, Suite 700 Kansas City, Missouri 64105, requesting that he file a motion to suppress evidence. See attached letters. Counsel failed to file the motion or ask for a suppression hearing to suppress evidence including wire tap evidence. Based on the discovery that was provided to Movant police alleged that controlled buys had been obtained from Movant by an informant. However, the evidence is suspect as to whether the alleged purchases were indeed controlled. As the information submitted in the discovery documents contain conclusory

ii

statements in regards to the alleged controlled substances. Although it is alleged informant and his vehicle was searched prior to the alleged purchases, there is no evidence as to exactly what type searches took place. There is no evidence that the informant was stripped searched prior to the alleged purchases as without the same there is no way for the police to ensure that the informant did not have drugs in his/her possession already. This also applies to the search of the vehicle especially when the informant has demonstrated that he does not follow instructions of the police. The informant had been instructed to make a purchase from Defendant if he could, however, the informant decides to allegedly make purchases from other people when he gets out of the car and says hey I know another person who I can purchase from and without police authorization, allegedly the informant makes purchases from other people other than whom instructed. Likewise the informant allegedly made telephone calls to Movant, but with the informant's unreliability it is not known who he actually talked to or who he actually called. The police state they observed him talking to someone at a certain number but gave no indication as to a positive identification of who the informant talked to. Also, police stated they lost sight of the informant for a period of time. Under no circumstances can such conduct be equated with a true controlled buy. Thus counsel's refusal to file a motion to suppress fails to put the case to meaningful adversial testing. And as such, he rendered inef-

iii

fective assistance of counsel. Had counsel moved to suppress the evidence he would have been allowed to place the informant on the stand and examine him at length along with the police. The police allegedly sent the informant to make crack purchases, however, when the informant returned with substances allegedly purchased from other subjects, the substance was immediately tested by police and each time he returned with cocaine hydrochloride. Based on the Discovery documents the informant does not say exactly who he made purchases from, rather it is the police assuming the alleged purchases were made from Movant. Under these circumstances it is clear that Movant was rendered ineffective assistance of counsel and that he was prejudiced by the deficient performance.

GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL

During the Sentencing Hearing counsel again rendered deficient performance when he failed to object to the amounts of drugs held attributable to Movant as well as the identity of the substances. As mentioned above it is clear from documents provided to Movant that each alleged purchase by the informant he/she returned with a substances in which was immediately tested by police and in each case police reported the substance was cocaine hydrochloride as it tested positive for the presence of cocaine. Cocaine is cocaine hydrochloride or cocaine powder. Not one time did police report the substances allegedly purchased tested positive for cocaine base or crack nor did they give any indication they beleived the substances were the crack form of cocaine base or any other form of cocaine base. Movant

iv

was held responsible for nearly 400 grams of crack while not one test of the police indicated that the alleged purchased substances were crack. Had counsel argued that the police test confirmed the substances were cocaine hydrochloride or tested positive for the presence of the same then Movant would have not faced a mandatory minimum sentence as it taked 500 grams of powder, cocaine, or cocaine hydrochloride to trigger a five year minimum mandatory prison term. Again, under these circumstances Movant was rendered deficient performance by counsel and likewise prejudiced by the deficient performance.

GROUND THREE: INEFFECTIVE ASSISTANCE OF COUNSEL

Immediately following Sentencing while still in the courtroom Movant requested counsel to file a notice of appeal. Counsel failed to do so. Movant had to file his notice of appeal pro se even though counsel had not been discharged from the case. After counsel became aware Movant had filed a pro se notice of appeal counsel did nothing to perfect the appeal, in fact counsel effectively abandoned Movant. Without the aid of counsel Movant was unable to perfect his appeal and thus no appeal was had. Counsel had a duty to follow the instructions of Movant and file the notice of appeal.